UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USW LOCAL 13-227, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02152 |
| | § | |
| HOUSTON REFINING, L.P., | § | |
| | § | |
| Defendant. | § | |

# ORDER

Pending before the Court is the plaintiffs', United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO and its Local 13-227, AFL-CIO (collectively, the "plaintiffs") motion for summary judgment and brief in support thereof. (Dkt. Nos. 9 & 10). The defendant, Houston Refining, L.P., (the "defendant"), has filed a response in opposition to the plaintiffs' motion for summary judgment (Dkt. No. 12) and the plaintiffs have filed a reply. (Dkt. No. 15). Also, pending before the Court is the defendant's motion for summary judgment. (Dkt. No. 11). The plaintiffs have filed a response in opposition to the motion (Dkt. No. 13) and the defendant has filed a reply (Dkt. No. 14). After having carefully considered the motions, responses, replies and the applicable law, the Court determines that the plaintiffs' motion for summary judgment should be **GRANTED** and the defendant's motion for summary judgment should be **DENIED**.

The plaintiffs instituted this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), seeking to compel the defendant to arbitrate Grievance 0-8-10--a protest that the defendant unilaterally altered its matching contributions to its 401(k) Plan in a manner inconsistent with the parties' Collective Bargaining Agreement ("CBA"). Throughout the years, the plaintiffs and the defendant have been parties to numerous

CBAs. On February 17, 2009, a new tentative agreement was reached and ratified by the plaintiffs. This new agreement incorporated certain changes from a prior CBA, which covered the years from 2006 through 2009, as well as some additional changes and was ultimately memorialized as the 2010-2012 Collective Bargaining Agreement (the "2010 CBA"). Article 31 of the 2010 CBA, entitled "Grievance and Arbitration Procedure," provides for the arbitration of disputes arising thereunder. (*See* Dkt No. 10, Ex. A, Oliver Aff., Attachment No. 1, p. 34 ; *see also* Ex. B at App. A). Specifically, Article 31, § 1 of the CBA provides, *inter alia*, that grievances are defined as "any difference regarding wages, hours or working conditions between the parties, or between the Company and an employee covered by this Agreement." (*Id.*). Article 40 of the CBA provides for certain employee benefits that have been collectively bargained for by the parties, including employee benefit plans. (*Id.* at 43). Article 40, § 4 provides that "[e]mployees shall be eligible to participate in [several employee] benefit plans", including the "Houston Refining LP 401k and Savings Plan for Represented Employees." (*Id.*). The particular details concerning the various benefit plans mentioned in the 2010 CBA, including the Houston Refining 401k and Savings Plan for Represented Employees, are set forth in separate plan documents pursuant to the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*See* Dkt No. 10, Ex. A, Oliver Aff., ¶ 7).

The plaintiffs contend that the defendant, pursuant to the terms of the 2010 CBA, agreed to arbitrate disputes of this type and seeks a summary judgment on that basis. The defendant denies that the grievance at issue is arbitrable and/or that it is bound to arbitrate the parties' dispute. It further asserts various defenses to arbitration that appear to be procedural in nature, including that the plaintiffs' claims are barred by the doctrines of *res judicata*, collateral estoppel, laches or limitations, and moves for a summary judgment on these grounds.

A summary judgment is generally appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).

When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377,

380 (5th Cir. 1998)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

When determining whether to compel arbitration, a court must first ascertain whether the parties agreed to arbitrate the dispute in question. *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 293 (5th Cir. 2005) (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). To make this determination, a court must consider two questions: (1) whether a valid arbitration agreement exists between the parties; and (2) whether the parties' dispute falls within the scope of that agreement. *Safer*, 422 F.3d at 293 - 94 (internal citations omitted). Any doubts regarding the scope of coverage of an arbitration clause within the parties' agreement must be resolved in favor of arbitration. *See Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (internal citations omitted). To this end, the Fifth Circuit has "held that arbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Neal*, 918 F.2d at 37 (quoting *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th Cir. 1984); *Wick v. Atlantic Marine*, 605 F.2d 166, 168 (5th Cir. 1979)). Further, "[o]nce it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S. Ct. 909, 918 (1964); *see also Local No. 406, Int'l. Union of Operating Engr's. v. Austin Co.*, 784

F.2d 1262, 1265 (5th Cir. 1986) (holding that procedural questions and conditions of arbitration are to be determined by the arbitrator, not the court).

In the case *sub judice*, it is beyond dispute that the parties have agreed to arbitrate. Article 31, § 2.3 of the 2010 CBA provides that, "[i]n exceptional cases, the Griever's Committee shall have the right to institute grievances concerning any alleged violation of this Agreement by filing a complaint with the Company."[1] (Dkt No. 10, Ex. A., Oliver Aff., Attachment No. 1, p. 34; *see also* Ex. B at App. A). Article 31, §§ 2 and 8 further provide that, for grievances which remain unsettled through the first three steps, "the Union will have the right to request arbitration of the grievance." (Dkt No. 10, Ex. A., Oliver Aff., Attachment No. 1, p. 34 – 35; *see also* Ex. B at App. A). As previously set forth, a "grievance" within the meaning of the 2010 CBA includes "any difference regarding wages, hours or working conditions between the parties, or between the Company and an employee covered by this Agreement." (*Id.*).

On May 17, 2010, the defendant announced that it had decided to reinstate a portion—but not the full match--of its previously-suspended 401(k) matching contribution. (*See* Dkt No. 10, Ex. A, Oliver Aff., Attachment No. 2). The plaintiffs, thereafter on May 24, 2010, filed Grievance 0-8-10 protesting the defendant's failure to reinstate the full or entire matching contribution. (*See* Dkt No. 10, Ex. A., Oliver Aff. ¶ 9, Attachment No. 3). Specifically, on the grievance form, the plaintiffs asserted that the defendant's actions constituted "a specific violation under Article 40, Sec 4.1.5 and ***any*** other provisions of the agreement that may be found to apply." (*Id.*) (emphasis in original). The plaintiffs demanded that the defendant implement the previously bargained for 401(k) matching contribution as a specific remedy. (*Id.*).

---

[1] Pursuant to Article 31, § 4, the Griever's committee "shall be selected from among and by employees of the Company who are members of the Union." ." (Dkt No. 10, Oliver Aff., Ex. A., Attachment No. 1, p. 34.).

On June 23, 2010, at a second-step grievance meeting, the defendant informed the plaintiffs that it was declining to process Grievance 0-8-10, because it did not believe that its actions violated the 2010 CBA. (Dkt. No. 10, Ex. A., Oliver Aff. at ¶10, p. 3, Attachment No. 4; *see also* Ex. B., Farr Aff. at ¶ 3). Thereafter, the plaintiffs demanded that the matter be arbitrated pursuant to Article 31 of the CBA. (*See* Dkt. No. 10, Ex. A., Oliver Aff. at ¶10, p. 3). By letter dated July 9, 2010, the defendant, in response to a letter received from David Jury, Associate General Counsel for USW International, maintained that the matters complained of in the grievance were identical to matters presented in an earlier grievance. (*See* Dkt. No. 10, Ex. A., Attachment No. 6).

On August 10, 2010, the plaintiffs commenced a lawsuit against the defendant seeking specific performance of Article 31's arbitration clause and requesting an order requiring the defendant to arbitrate Grievance 0-8-10. The case was assigned to the Honorable United States District Judge David Hittner and identified as Case No. 4:10-cv-02836. On June 16, 2011, Judge Hittner entered an Order dismissing the case, pursuant to a Stipulation of Dismissal with Prejudice filed by the parties on June 15, 2011. (*See* Case No. 4:10-cv-02836, Dkt. Nos. 15 & 16). Following the entry of Judge Hittner's Order, on July 20, 2011, the parties entered into an Abeyance Agreement, which provided, in relevant part, as follows:

> This letter is to confirm the Company's and the Union's understanding that they will not contact the arbitrators selected to hear the cases referenced below for the purpose of obtaining arbitration dates until the parties conclude early contract negotiations, or October 1, 2011, whichever is earlier.
> 
> - 0-8-10; Committee, et al/Improper Implementation of 401(k) Matching Contributions
> - 0-12-09; Committee, et al/Denial of/Changing of Benefits Mid-Term
> 
> Following the passage of the date set forth in the first paragraph, the arbitration process may then proceed as stipulated in Article 31 of our Labor Agreement. If

you are in agreement, please sign below and return a signed copy of the document to me.

(*See* Dkt. No. 10, Ex. A., Attachment No. 7). The parties do not dispute that the Abeyance Agreement was returned fully executed by all parties. (*Id.*)

On January 22, 2016, the Honorable United States District Judge Sim Lake issued a decision disposing of issues relative to Grievance 0-12-09. (*See* Case No. 4:12-cv-2416, Dkt. No. 65). Shortly after the issuance of Judge Lake's decision relative to the aforementioned grievance, the plaintiffs contacted the defendant to request arbitration of Grievance 0-8-10, which remained in abeyance. (*See* Dkt. No. 10, Ex. B, Attachment Nos. 1 – 5). The defendant refused, claiming, *inter alia*, that the defendant was not obligated to arbitrate Grievance 0-8-10 and that it was not proper, was stale and untimely, and had been "long abandoned." (*Id.*). The defendant further alleged that Grievance 0-8-10 had "previously been decided" by Judge Lake, an argument with which this Court does not agree.

After having carefully reviewed the various motions, related attachments, and the relevant law, this Court determines that the parties agreed, pursuant to the 2010 CBA, to binding arbitration, and that the scope of their agreement encompasses the very dispute that is now before this Court. Both the 2010 CBA and applicable case law mandate that the matters for which the defendant now alleges make Grievance 0-8-10 deficient are procedural and should properly be determined by an arbitrator, not this Court. Accordingly, based on the foregoing discussion, this Court hereby **ORDERS** as follows:

1. The plaintiffs' motion for summary judgment and to compel arbitration is **GRANTED**;

2. The defendant's motion for summary judgment is **DENIED**;

3. This case is **STAYED** pursuant to 9 U.S.C. § 3 pending the completion of arbitration proceedings. This Court hereby retains jurisdiction to enforce the arbitration award, if appropriate.

4. The Clerk is directed to administratively **CLOSE** this case pending arbitration; and

5. All pending motions, if any, are hereby **DENIED** as moot.

It is so **ORDERED**.

SIGNED on this 20th day of December, 2017.

Kenneth M. Hoyt
United States District Judge